IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

LAWANNA McCLEARY O/B/O A.T.M. (minor),

    Plaintiff,

vs.

ANDREW M. SAUL,[1]
Commissioner of Social Security Administration,

    Defendant.

Case No. 18-CV-182-CVE-FHM

## REPORT AND RECOMMENDATION

Judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits is sought in this action.[2] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,*

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Andrew M. Saul, Commissioner of Social Security Administration, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") David W. Engel was held March 7, 2017. By decision dated March 24, 2017, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on February 21, 2018. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 13 years old at the time of the alleged onset of disability and 16 years old on the date of the ALJ's denial decision.  He claims to have been disabled since March 1, 2014 as a result of asthma, allergic rhinitis, depression, anxiety, post traumatic stress disorder, and attention deficit hyperactivity disorder (ADHD).

## Sequential Evaluation for Child's Disability Benefits

The procedures for evaluating disability for children are set out at 20 C.F.R. § 416.924(a). The first step is to determine whether the child is performing substantial gainful activity.  If not, the next consideration is whether the child has a "severe" mental or physical impairment.  A "severe" impairment is one that causes more than minimal functional limitations.  If a "severe" impairment is identified, the claim is reviewed to determine

whether the child has an impairment that: 1) meets, medically equals, or functionally equals the listings of impairments for children;[3] and 2) meets the duration requirement.

If the child does not have impairments of a severity to meet a listing, the severity of the limitations imposed by impairments are analyzed to determine whether they functionally equal a listing. Six broad areas of functioning, called domains, are considered to assess what a child can and cannot do. Impairments functionally equal a listing when the impairments result in "marked" limitations in two domains or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a. The six domains are: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). A limitation is "marked" when it interferes seriously with the ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)(I). An "extreme" limitation interferes very seriously with the ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3)(I).

## The ALJ's Decision

The ALJ determined that Plaintiff does not have an impairment or a combination of impairments that meet or medically equals the severity of one of the listed impairments. The ALJ also determined that Plaintiff does not have an impairment or combination of impairments that functionally equals the severity of the listings. In this regard the ALJ found that Plaintiff has less than marked limitation in the domain of acquiring and using

---

[3] The listings describe, for each of the major body systems, medical findings which are considered severe enough that they represent impairments which presumptively demonstrate disability. 20 C.F.R. Pt. 404, Subpt. P, App.1.

information; he has less than marked limitation in the domain of attending and completing tasks, he has a marked limitation in the domain of interacting and relating with others, no limitation in the domain of moving about and manipulating objects, less than marked limitation in the domain of the ability to care for himself, and less than marked limitation in the domain of health and physical well-being.  Since Plaintiff does not have an impairment or combination of impairments that result in either "marked" limitation in two domains of functioning or an "extreme" limitation in one domain of functioning, the ALJ found that Plaintiff has not been disabled as that term is defined in the Social Security Act since October 30, 2014, the date the application for benefits was filed.

### Plaintiff's Allegations

Plaintiff asserts that the ALJ did not properly consider all of his impairments and that the ALJ improperly weighed the medical source evidence.

### Analysis

#### Consideration of Plaintiff's Impairments

The ALJ determined that asthma and attention deficit hyperactivity disorder (ADHD) were established by the medical evidence and are "severe" impairments as defined by the Commissioner's regulations, 20 C.F.R. § 416.971, because these impairments cause more than minimal functional limitations in Plaintiff's ability to perform basic activities.  [R. 14]. Plaintiff asserts that the ALJ erred in making this severity finding because he failed to address the presence of allergic rhinitis, anxiety/panic, post traumatic stress disorder, and depression.

The ALJ must determine whether a claimant suffers from severe impairments. That is all that is required of the ALJ at step two. *Oldham v. Astrue*, 509 F.3d 1254, 1256 (10th Cir. 2007). Once an ALJ finds that a claimant has at least one severe impairment, a failure to designate others as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps "consider[s] the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. §§ 404.1521, 416.921; *see also* 20 C.F.R. §§ 404.1525(e), 416.945(e); *Smith v. Colvin*, 821 F.3d 1264, 1266-67 (10th Cir. 2016), *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987), *Brescia v. Astrue*, 287 Fed. Appx. 626, 629 (10th Cir. 2008).

The undersigned finds that the ALJ did what was required of him in regard to evaluating the severity of Plaintiff's impairments. In addition, the undersigned notes that while Plaintiff has listed several diagnoses, he has not identified any functional limitations allegedly caused by the additional impairments that were not addressed by the ALJ. *See United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error), *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995) (courts are not to create or to develop arguments for litigants that litigants do not develop themselves).

<u>Weighing of Medical Source Evidence</u>

There is no merit to Plaintiff's assertion that the ALJ erred in giving great weight to the opinions of the state agency psychologists who reviewed Plaintiff's records and opined about his limitations in the various domains. According to Plaintiff, these opinions were

infirm because they did not address Plaintiff's depression and PTSD. The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. *See e.g. Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment), *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue*, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work), *Scull v Apfel*, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250 *1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition). Plaintiff has not shown that the state agency psychiatric consultants failed to consider all of the functional consequences of Plaintiff's impairments.

Plaintiff argues that his condition warrants a finding of a "marked" limitation in the domain of attending and completing tasks. Plaintiff points to information within the record that he claims would support a marked finding. In particular, Plaintiff points to an Individualized Education Program (IEP) review conducted by a Dallas school district, [R. 276-290], in 2009, long before the relevant time frame, that reflected a learning disability in reading. Plaintiff does not explain how this IEP addresses attending and completing tasks. In addition, Plaintiff points to the fact that he had to repeat 7th grade due to lack of attendance. The ALJ's decision demonstrates that this evidence was considered. The existence of evidence in the record that may be considered contrary to the ALJ's findings does not deprive the findings of substantial support in the record. The Tenth Circuit has stated that the possibility of drawing two inconsistent conclusions from evidence in a case

does not prevent an administrative agency's findings from being supported by substantial evidence. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

      The undersigned finds that the ALJ accurately summarized the medical and school records and appropriately noted the opinions of some teachers that Plaintiff had problems attending and completing tasks, [R. 17, 311], and the more recent opinions that Plaintiff's main problem was truancy and that when he was present, he completed his work. [R. 17, 381, 382]. As well, the ALJ noted the consultative examiner's observation that Plaintiff's skills appeared fair with good effort, concentration and attention. [R. 708]. The ALJ relied on the state agency psychiatric consultants who reviewed Plaintiff's records and opined he had a marked limitation only in the domain of interacting and relating with others. [R. 20, 81-84, 93-96]. The ALJ is not bound by the findings made by the state agency psychological consultants, but the Commissioner's regulations instruct that these consultants are "highly qualified physicians and psychologists who are also experts in Social Security disability evaluation" whose findings must be considered as opinion evidence. 20 C.F.R. § 404.1527(e)(2)(I); 20 C.F.R. § 416.927(e)(2)(I). The undersigned finds that the ALJ's finding that Plaintiff has a less than marked limitation in the domain of attending and completing tasks is supported by substantial evidence and that the ALJ applied the correct legal standards in reaching that conclusion.

### Conclusion

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before August 7, 2019.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 24th day of July, 2019.

*/s/ Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE