# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAWANA McCLEARY<br>o/b/o A.T.M., a minor,<br><br>    **Plaintiff,**<br><br>v.<br><br>ANDREW M. SAUL,<br>Commissioner, Social Security<br>Administration,<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)  Case No. 18-CV-0182-CVE-FHM<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Before the Court is the report and recommendation (Dkt. # 19) of Magistrate Judge Frank H. McCarthy recommending that the Court affirm the decision of the Commissioner of the Social Security Administration (the agency) to deny plaintiff's claim for disability benefits. Plaintiff has filed an objection (Dkt. # 20) to the report and recommendation, and he seeks a remand for further proceedings. Defendant filed a response (Dkt. # 21) to plaintiff's objection, arguing that the magistrate judge's decision should be affirmed.

### I.

Plaintiff applied for disability benefits on November 7, 2014, alleging that he became disabled on March 1, 2014. Dkt. # 10-2, at 11. Plaintiff, a minor, appeared at the disability hearing through his legal guardian, who is also his mother, Lawana McCleary, and was represented by an attorney. Id. Plaintiff testified first at the hearing in front of the administrative law judge (ALJ). Id. at 16-17. He stated that he is six-feet tall and weighs 191 pounds. Id. at 16. At the time, plaintiff was in the ninth grade at Central High School, where he participates in sports as well as his classes.

Id. at 16-17. Plaintiff testified that he misses his 8:30 a.m. class only, and that is because he does not get up until that time. Id. Plaintiff also testified that he has asthma, but that it is getting better. Id. at 17. Next, plaintiff's mother, Lawana McCleary, testified. Id. She testified that plaintiff is on medication for depression and asthma. Id. She also testified that plaintiff makes mainly Ds and Fs in school, with a few Cs. Id.

The ALJ determined that, although plaintiff's medically determinable impairments could reasonably be expected to produce plaintiff's described symptoms, the intensity, persistence, and limiting effects are inconsistent with medical evidence and other evidence in the record. Id. Important to the ALJ's decision was the following: From the record, plaintiff's teacher stated that plaintiff had attendance problems and problems completing tasks, but that she knew of no medical conditions. Id. at 18. Tulsa Public School (TPS) records indicated that plaintiff did well in most classes, although he failed algebra, U.S. government, and Oklahoma history. Id. Two teachers indicated that plaintiff was a capable student, but that he missed too many classes to bring up his grades. Id. Plaintiff went to Family Medical Care in 2013, where he was diagnosed with ADHD, and informed to use his asthma medication. Id. Plaintiff takes Wellbutrin and, as a consequence, has performed better in school. Id. His asthma was described in one doctor's visit in March 2013, as "well controlled." Dkt. # 10-7, at 30. Plaintiff was approved for playing sports in August 2013, and he had not used his inhaler or nebulizer for several months. Dkt. # 10-2, at 19.

The ALJ noted several discrepancies between plaintiff's and his mother's testimony, and the objective evidence. Id. at 20. Plaintiff's mother stated that he made mainly Ds and Fs in school, while the TPS records indicate that, during the Fall of 2016, plaintiff made one A, two Bs, two Cs, one D, and one F. Id. Plaintiff's mother also claimed that plaintiff had numerous problems in school

2

and had been suspended frequently, while TPS records indicate that his last suspension was in December 2014. Id. Although plaintiff's mother claimed that plaintiff's asthma is severe, plaintiff has been cleared by two physicians to participate in sports. Id. Additionally, plaintiff claimed that his ADHD medication slows him down, but Family and Children's Services records indicate that plaintiff does not take his medications. Id.

The ALJ next made a finding according to the six functional equivalence domains.[1] Id. at 21. As to acquiring and using information, the ALJ found that plaintiff has less than marked limitation. Id. at 22. As to attending and completing tasks, the ALJ found that plaintiff has less than marked limitation. Id. at 23. As to interacting and relating with others, the ALJ found that plaintiff has marked limitation. Id. at 24. As to moving about and manipulating objects, the ALJ found that plaintiff has no limitation. Id. at 25. As to caring for yourself, the ALJ found that plaintiff has less than marked limitation. Id. at 27. And as to health and physical well-being, the ALJ found that plaintiff has less than marked limitation. Id. Because plaintiff had only one marked and no severe functional limitations, plaintiff's request for benefits was denied on March 24, 2017. Id. at 8.

Plaintiff appealed for review of the ALJ's decision to the Office of Disability Adjudication and Review, and that request was denied. Id. at 2. Plaintiff then filed this appeal, which was referred to the magistrate judge, who recommended that the decision of the Commissioner of the Social Security Administration be affirmed. Dkt. # 19, at 8.

---

[1] These are the following: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

**II.**

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. FED. R. CIV. P. 72(b). However, the parties may object to the magistrate judge's recommendation within fourteen days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. FED. R. CIV. P. 72(b).

**III.**

The Court may not reweigh the evidence or substitute its judgment for that of the ALJ but, instead, reviews the record to determine if the ALJ applied the correct legal standard and if his decision is supported by substantial evidence. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (quoting Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir. 1988)). The Court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

A person under the age of eighteen is "disabled" if he "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 1382c(a)(3)(C)(i); see also 20 C.F.R. § 416.906. The agency has established a three-step process to review claims for disability benefits of individuals under the age of eighteen. See 20 C.F.R. § 416.924(a). The Tenth Circuit has described this process as follows:

> The Administrative Law Judge (ALJ) must determine, in this order, (1) that the child is not engaged in substantial gainful activity, (2) that the child has an impairment or combination of impairments that is severe, and (3) that the child's impairment meets or equals an impairment listed in Appendix 1, Subpart P of 20 C.F.R. § 416.924(a).

Briggs ex rel. Briggs v. Massanari, 248 F.3d 1235, 1237 (10th Cir. 2001).

The ALJ decided this case at step two of the analysis. Dkt. # 10-2, at 15. In making this determination, the ALJ first noted that plaintiff was a minor at the time plaintiff filed for benefits. Id. Next, the ALJ determined that plaintiff had not engaged in substantial gainful activity since the application date. Id. The ALJ then determined that plaintiff had asthma and attention deficit hyperactive disorder (ADHD), both severe impairments according to the ALJ, but neither of which meet or medically equal the severity of one of the listed impairments in Appendix 1, Subpart P of 20 C.F.R. § 416.924(a). Id. Finally, the ALJ determined that plaintiff does not have an impairment or combination of impairments that functionally equal the severity of the listings in 20 C.F.R. §§ 416.924(d) and 416.926a.

Plaintiff argues that the ALJ should have considered plaintiff's alleged depression, anxiety, and post-traumatic stress disorder (PTSD) at step two of the analysis. Dkt. # 20, at 2-3. Plaintiff

5

contends that the ALJ's failure to classify these conditions as severe renders the ALJ's analysis incomplete. Id. Plaintiff points to a Family and Children's Services diagnosis that plaintiff had a high likelihood of anxiety and PTSD as of February 5, 2017. Id. at 3; Dkt. # 10-7, at 115. Defendant responds that plaintiff failed to explain how evidence of one of these disorders fits within the attending and completing tasks developmental domain, which is the only allegedly relevant developmental domain. Dkt. # 21, at 1-2.

First, the Court considers plaintiff's argument that the ALJ did not consider his PTSD. Plaintiff points to only one document in the record that indicates that plaintiff <u>might</u> have PTSD. See Dkt. # 10-7, at 115. This document is not a diagnosis and thus, the ALJ need not have considered it in his analysis of plaintiff's alleged disability.

As to the depression and anxiety disorders, it is not for the Court to reweigh the ALJ's factual determinations. See Bowman, 511 F.3d at 1272. When determining plaintiff's marked limitation in attending and completing tasks, the ALJ noted that plaintiff has a "history" of "behavioral problems." Dkt. # 10-2, at 23. But plaintiff's psychological consultative examination demonstrates that his mood and affect were normal, that "he was not overtly restless, impulsive[,] or hyperactive[,] and his fund of knowledge and reasoning skills appeared fair with good effort, concentration[,] and attention." Id. Plaintiff's mother completed a questionnaire at the Family Medical Center in 2013, indicating that her son met criteria for, among other disorders, anxiety and depression. Id. at 18. But plaintiff was given Wellbutrin and, after taking it, plaintiff started doing better in school. Id. His mother also noted that "it was helping." Id. The ALJ noted that, after going to Family and Children's Services in June 2013, plaintiff was given, and continued to meet, the criteria for major depressive disorder and anxiety disorder with a Global Assessment of Functioning of 58. Id. at 19-

20. But as of December 29, 2015, plaintiff's mood was improved, his grades were better, and he was back to playing sports. Id.

The Court finds that the ALJ did not err when he declined to find that plaintiff suffered from depression, anxiety, or PTSD. Plaintiff is essentially asking the Court to re-examine the ALJ's factual determinations and come to the opposite conclusion. The Court declines to do so. The magistrate judge's report and recommendation is accepted, and the ALJ's determination is affirmed.

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 19) is **accepted**, and the Commissioner's decision is **affirmed**. A separate judgment is entered herewith.

**DATED** this 22nd day of August, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE